UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEDELL FLENNORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-958-WKW-TFM |
| | ) | |
| MOBIS ALABAMA, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United

States Magistrate Judge for review and submission of a report with recommended findings

of fact and conclusions of law (Doc. 4, filed November 5, 2012).  For good cause, it is the

Recommendation of the Magistrate Judge that this action be dismissed for failure to

prosecute.

## I.  PARTIES

Plaintiff, Ledell Flennory ("Flennory" or "Plaintiff"), is a resident of Pike Road,

Montgomery County, Alabama.  *See* Doc. 1 at 2.  Defendant MOBIS Alabama, LLC.

("MOBIS") is a foreign limited liability corporation authorized to do business in

Montgomery, Alabama.  *Id.*

## II.  JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant

to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 2000(e) *et seq.* (Title VII of

the Civil Rights Act of 1964), and 42 U.S.C. § 1981a (Civil Rights Act of 1991).  The parties

do not contest personal jurisdiction or venue, and there are adequate allegations to support

both.

### III.  NATURE OF CASE/BACKGROUND

Flennory initiated this Title VII of the Civil Rights Act claim on November 1, 2012,

by filing a complaint in this Court.  *See* Doc. 1.  On July 11, 2013, MOBIS filed a Motion

to Compel because Flennory had failed to provide his initial disclosures  and respond to their

First Interrogatories and First Requests for Production of Documents pursuant to Rules 26(a),

33(b)(2), and 34(b)(2)(A) of the Federal Rules of Civil Procedure, respectively.  *See* Doc. 16.

On July 17, 2013, this Court ordered Flennory to show cause why he has failed to comply

with Rules 26(a),  33(b)(2), and 34(b)(2)(A).  Flennory failed to respond by the deadline set

by the Court.  On August 9, 2013, this Court  granted MOBIS' motion, and ordered the

plaintiff to produce initial disclosures and to respond to Defendant's outstanding First Set of

Interrogatories and Requests for Production of Documents  on or before August 16, 2013.

*See* Doc. 18.  On August 21, 2013, MOBIS filed the pending *Motion to Dismiss Plaintiff's*

*Complaint for Failure to Prosecute and Non-Compliance With Court Order* in which the

defendant indicates that to date the plaintiff has again failed to comply with this Court's

orders.  *See* Doc. 19.  On August 22, 2013, this Court ordered Flennory to show cause why

this case should not be dismissed for his failure to comply with the Court's order, and warned

Flennory that his failure to respond on or before August 29, 2013 will act as an abandonment

of his claims set forth in the complaint and as a failure to prosecute.[1]  *See* Doc. 20.  No response has been filed to date.

## IV.  DISMISSAL FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b).  As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, dismissal of this action is appropriate as Plaintiff has been provided more than a reasonable opportunity to prosecute this action.  Flennory was given multiple deadlines, which he let pass without response to MOBIS or the Court.  Initially, Flennory failed to provide MOBIS with his initial disclosure, and failed to respond to interrogatories and requests for product by the deadlines set under the Federal Rules of Civil Procedure.  *See* Doc. 16.  Due to

---

[1] The order was successfully served on and signed by Flennory on August 27, 2013.  *See* Doc. 21.

Flennory's failure to comply with the Federal Rules of Civil Procedure, MOBIS filed a motion to compel. *Id.* After a show cause order of which Flennory failed to respond, the Court granted the motion to compel and ordered Flennory to comply with the Federal Rules of Civil Procedure. *See* Doc. 18. Flennory again failed to comply with the Court's order, and MOBIS filed the pending motion to dismiss. *See* Doc. 19. The Court ordered Flennory to show cause why the motion to dismiss should not be granted, and clearly detailed the consequences of a failure to respond. *See* Doc. 20. Flennory did not respond as ordered. Flennory has failed to comply with deadlines set forth in the Federal Rules of Civil Procedure and to three deadlines set by this Court. Flennory has received the orders and personally signed for them. *See* Doc. 21. Consequently, it is reasonable to conclude that Flennory has chosen to abandon prosecution of his claims.

## V.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be **DISMISSED without prejudice for lack of prosecution**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **September 23, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of September, 2013.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE